IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TYANIS LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 2:17-cv-611-mHT-GMB |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| CHRISTOPHER WEST, individually and | ) | |
| in his official capacity; LOWNDES | ) | |
| COUNTY SHERIFF'S OFFICE; and the | ) | |
| LOWNDES COUNTY COMMISSION | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Tyanis Lawrence, pro se, and hereby doth complain against the above-named Defendants, as set forth herein-below.

### I. JURISDICTION AND VENUE

1. Plaintiff Lawrence files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of the US Constitution, specifically, the 4th, 8th, and 14th Amendments as they pertain to the Defendants engaging in excessive force and brutality under the color of law. The court may exercise supplemental jurisdiction over the state law claim of negligence under **28 U.S. Code § 1367**. The Lowndes County Commission is a public corporation and the Lowndes County Sheriff acts out of, and is paid by, the Lowndes County Commission. The individuals responsible for the civil rights violations were acting under the color of state law, to obtain equitable relief, the costs of suit, and

damages suffered by the plaintiff. These claims arise primarily out of the Defendant Christopher West's excessive force and brutality against Plaintiff. A notice of claim is attached hereto as Exhibit A, and was given to the Lowndes County Clerk on June 22, 2016.

2. Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged civil rights violation of the plaintiff occurred in Lowndes County, Alabama.

## II. PARTIES

3. The named Plaintiff, Tyanis Lawrence, is a citizen of the United States and a resident of Lowndes County, Alabama. Plaintiff is over the age of nineteen years.

4. During the times and facts relevant to this Complaint, the Defendant Christopher West was a deputy sheriff of Lowndes County acting under color of state law, and the Defendants Lowndes County Commission and Lowndes County Sheriff's Office were also acting under the color of state law. Alternatively, Christopher West was acting individually in excess of his authority in violating the constitutional rights of the Defendants. These entities and individuals are sometimes hereinafter referred to collectively as "Defendants". The Lowndes County Commission and Lowndes Sheriff's Office often act in unison as if they are one big governmental organization.

## III. STATEMENT OF FACTS

5. Plaintiff avers that, on or about May 17, 2016, he was present at the Lowndes County Courthouse on a bond hearing.

6. Plaintiff further avers that, as he was about to sit down, he was brutally attacked by Lowndes County Deputy Sheriff Christopher West, acting on behalf of the Defendant Lowndes County Commission and/or the Defendant Lowndes County Sheriff's Office.

7. At said time and place, Defendant West, a member of a Drug Task Force, and acting under color of state law, swung his fist at Plaintiff in open court, in front of the judge and other members of the public present, and grabbed the Plaintiff by or around the neck, and threw Plaintiff to the ground.

8. Other Lowndes County officers, whose names are currently unclear but will be added by amendment after discovery when they become known, became involved in the attack against the Plaintiff as he was lying on the floor.

9. As a proximate result of this attack, Plaintiff was knocked, shocked, bruised, and contused, and needed medical treatment in the jail for his injuries, but received little or no treatment other than Tylenol, and has suffered severe emotional and mental distress.

10. The Plaintiff further avers that this brazen, open attack in court, unprovoked by anything the Plaintiff did, and by no means justifiable in any other way, shocked, and continues to shock, the conscience of the community, and is the type of wrongdoing for which punitive damages can be, and should be, awarded to send a message to the community.

11. (a.) The Plaintiff also avers that the Defendant Christopher West was charged criminally for Assault III by the Plaintiff, and tried by Montgomery County

3

assistant district attorneys substituting for the Lowndes County district attorney (who claimed a conflict), and that considerable testimony was given by witnesses and taken down by a recorder and later transcribed by a court reporter.

(b.) Notwithstanding the abundance of critical testimony against Defendant West, including testimony from the Chief of Police of the City of Hayneville, and others who witnessed the attack, Defendant West was found not guilty by a district court judge known to be friendly with Defendant Christopher West.

(c.) Notwithstanding further, the Plaintiff avers that, in a civil case for the civil wrongs set forth in this Complaint, the burden of proof in a civil case, namely preponderance of evidence, is significantly less than the burden of proof in a criminal case, namely guilt beyond a reasonable doubt. Therefore, there is no res judicata or collateral estoppel effect to the not guilty verdict.

### IV. PLAINTIFF'S FIRST CAUSE OF ACTION
### 42 USC 1983- Deprivation of rights under the color of law

12. Plaintiff hereby repeats, re-alleges, and incorporates by reference paragraphs 5 through 11 of the Complaint above, the same as if more fully stated herein, and further avers that the Defendant's actions toward him violated his right to be free from police brutality, and from cruel and unusual punishment, in violation of 42 USC 1983, and the 4th, 8th and 14th Amendments to the US Constitution.

13. As a proximate cause of Defendant's afore-described actions in brutally beating the plaintiff, Plaintiff was injured and damaged, as more fully set forth in

paragraphs 5 through 11 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

14. Plaintiff avers that he has pursued and exhausted his administrative remedies and therefore believes himself to be a victim of police brutality and excessive force while incarcerated, by and through the Defendants wrongfully arresting, beating, and abusing him, in violation of **42 USC § 1983 and the 4th, 8th, and 14th Amendments to the US Constitution.** Plaintiff has lost future wages and suffered serious mental anguish.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant violated the constitutional rights of the plaintiff under the 4th, 8th, and 14th amendments;

b) An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of the civil rights violations;

c) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d) An award of punitive damages against the Defendant West only, due to the egregious nature of the 4th, 8th and 14th violations practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e) An award of all court costs and reasonable attorney fees

## V. PLAINTIFF'S SECOND CAUSE OF ACTION

## NEGLIGENCE

15. Plaintiff hereby repeats, re-alleges, and incorporates by reference paragraphs 1– 14 of the Complaint above, the same as if more fully stated herein, and further avers that the Defendants' actions toward him constituted the tort of negligence under the laws of the State of Alabama.

16. As a proximate cause of Defendant's afore-described actions in brutally beating the plaintiff, Plaintiff was injured and damaged, as more fully set forth in paragraphs 5 through 11 above.  The Defendants had a duty not to use excessive force in carrying out their duties, which they breached when the Defendant officers, acting on behalf of the Defendant City, sadistically attacked Plaintiff Lawrence in open court, and for everyone to see.  Plaintiff avers that his injuries were legally and proximately caused by the Defendants, which injuries have caused Plaintiff Lawrence tremendous harm.

17. Plaintiff avers that the Defendants were negligent, and wanton, when they made the Plaintiff a victim of police brutality and excessive force, when the Defendants wrongfully beat and abused him, all in violation of 42 USC § 1983 and his 4th 8th and 14th Amendment rights.  Plaintiff has lost future wages and suffered serious mental anguish.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the defendants were negligent when dealing with incarcerated individuals.

b) An award of compensatory damages, including for physical injuries and mental anguish, to which Plaintiff may be entitled;

c) An award of punitive damages against the Defendant West only to send a message so that Defendant and the community of the State of Alabama.

d) An award of all court costs and reasonable fees; and

e) Such further, other and different relief as the Court may deem appropriate and necessary.

## VI. JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 14th day of September, 2017.

Tyanis Lawrence , pro se

Tyanis Lawrence
166 Elijah Rudolph Road
Tyler, Alabama 36785

## INSTRUCTIONS FOR SERVICE OF PROCESS

The undersigned requests the following individuals be served a copy of this official complaint:

The Lowndes County Commission
Lowndes County Courthouse
133 Lafayette St
Hayneville, AL 36040-2073

The Lowndes County Sheriff's Office
Lowndes County Courthouse
133 Lafayette St
Hayneville, AL 36040-2073

Christopher West
Deputy Sheriff
Lowndes County Sheriff's Office
133 Lafayette St
Hayneville, AL 36040-2073