IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TYANIS LAWRENCE,                )
                                )
        Plaintiff,              )
                                )
v.                              )    Civ. Act. No.: 2:17-cv-611-ECM
                                )              (WO)
CHRISTOPHER WEST, *et al.*,     )
                                )
        Defendants.             )

## MEMORANDUM OPINION and ORDER

This matter is before the Court on Defendant Lowndes County Commission's and Defendant Lowndes County Sheriff's Office's motion to dismiss filed on October 16, 2017. (Doc. # 16). This motion has been fully briefed by the parties. (Docs. # 17, 19, & 20).

## I. CLAIMS AGAINST THE LOWNDES COUNTY SHERIFF'S OFFICE.

Defendant Lowndes County Sheriff's Office moves this Court to dismiss all claims against it since it is not a legal entity subject to suit. (Docs. # 16 & 17). In his response, the plaintiff represents that he "is willing to dismiss all claims against Defendant Lowndes County Sheriff's Office to the extent that it is the only [sic] office, and not to be construed as a dismissal against Defendant West or Defendant Lowndes County Commission." (Doc. # 19). Because the Lowndes County Sheriff's

Office is not a legal entity subject to suit, all claims against the Lowndes County Sheriff's Office are dismissed with prejudice.

## II.     CLAIMS AGAINST THE LOWNDES COUNTY COMMISSION.

The plaintiff claims that while he was present at the Lowndes County Courthouse for a bond hearing, "he was brutally attacked by Lowndes County Deputy Sheriff Christopher West, acting on behalf of the Defendant Lowndes County Commission and/or the Defendant Lowndes County Sheriff's Office." (Doc. 1, pp. 2-3, paras. 5-6). Defendant Lowndes County Commission moves this Court to dismiss all claims against it, arguing that it cannot be held vicariously liable for the acts of the sheriff or his deputies. (Docs. # 16 & 17). In his response, the plaintiff objects to the motion, alleging that the Lowndes County Commission is liable for the actions of Deputy Sheriff Christopher West because the alleged events took place inside the Lowndes County Courthouse. (Doc. # 19). The plaintiff asserts that the County Commission has the authority, among other things, to "direct, control, and maintain the property of the county," "designate the rooms to be occupied by the officers entitled to rooms therein," "change the location of the courts and the designation of the rooms for officers as it may deem best and most expedient," and "may lease such office rooms in a convenient location in the county site." (Doc. 19-1, p. 3). Based upon the Lowndes County Commission's responsibilities with respect to the Lowndes County Courthouse, the plaintiff argues, without citation to

supporting authority, that "the Lowndes County Commission should be held liable for the actions of a sheriff's deputy over whom it would have supervisory and/or administrative control when that deputy is providing a service to county commission while working inside of the Lowndes County Courthouse." (Doc. 19-1, p. 5). The Court disagrees.

The law is well-settled that "Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 783 (1997). Accordingly, a County Commission may not be held liable for the tortious acts of an Alabama sheriff or his deputies. *See id.*; s*ee also Ex parte Sumter County*, 953 So.2d 1235, 1239 (Ala. 2006) ("[A] sheriff is not an employee of a county for the purposes of imposing liability on the county.").

This court is not persuaded by the plaintiff's argument that the Lowndes County Commission becomes liable for the acts of a deputy sheriff when events giving rise to liability take place in the Lowndes County Courthouse. In an analogous case, the Eleventh Circuit held that a County Commission is not liable for the tortious actions of a sheriff or his deputies in the management of a county jail. *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1292 (11th Cir. 1998). In *Turquitt*, the court recognized that, although the County Commission was charged with building and funding the county jail, these duties did not render sheriffs or their deputies actors

of the county in their management of jails. *See id.* at 1289–90. Rather, the court held that sheriffs and their deputies were still actors of the state. *See id.*

Similarly, although the Lowndes County Commission is charged with several duties relating to the operation of the Lowndes County Courthouse, those duties do not render the Lowndes County Sheriff or his deputies actors of the county upon entering the courthouse. Alabama sheriffs and their deputies are actors of the state, and accordingly, the Lowndes County Commission cannot be held liable for their alleged tortious acts.

For the foregoing reasons, it is

ORDERED that the defendants' motion to dismiss (doc. # 16) be and is hereby GRANTED and all claims against the Lowndes County Sheriff's Office and the Lowndes County Commission be and are hereby DISMISSED with prejudice.

DONE this 30th day of November, 2018.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE